UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-785-H

RICKY A. MCCOY                                                                                    PLAINTIFF

v.

TROY SEELYE, et al.                                                                            DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Ricky A. McCoy, *pro se*, seeks legal and equitable relief, under 42 U.S.C. § 1983, against four government defendants, for the alleged deliberate indifference to a serious medical need. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. The Court will allow the case to proceed.

I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003).

## II.

Plaintiff is a pretrial detainee in the Meade County Detention Center.  He alleges he has been denied a physician's examination or treatment from an outside specialist for complaints, over three months, of severe pain in his right knee, which is three times its normal size.  He alleges he is being denied medical care, according to a jail nurse, due to budget constraints.  Plaintiff also alleges he has offered to make payments toward the treatment, to no avail.  Plaintiff alleges he has asked the jailer, the jail nurse, and other officers for help in obtaining treatment for an obvious medical need.

In his complaint, Plaintiff names Troy Seelye, Jailer; Jacki James, Nurse; in their official and individual capacities.  Plaintiff also names in his official capacity only, William Haynes, County Judge Executive; and the Meade County Fiscal Court.  He seeks compensatory and punitive damages, as well as an order enjoining the jail to provide treatment by a physician.

## III.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).     A prisoner's right to medical care, generally, stems from the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97 (1976) (stating that the Eighth Amendment prohibits penal measures that involve unnecessary

and wanton infliction of pain).[1]

It is well settled that deliberate indifference to the serious medical needs of a prisoner constitutes an unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

Here, Plaintiff alleges absolute denial of a physician's examination and treatment for severe pain and swelling of the right knee over a three month period. He specifically alleges he had requested this treatment from both the nurse and the jailer, on dates documented in the medical record. Thus, the Court identifies an Eighth Amendment medical claim against Defendants Seelye and James, in their individual capacities.

Plaintiff also asserts official-capacity claims, which is another way of pleading suit against the entity of which an official is an agent, and the pleader may recover damages against the entity rather than the personal assets of the official. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To recover damages against a county government, a plaintiff must allege an official policy or custom caused a violation of the plaintiff's federal rights. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom'

---

[1] The Fourteenth Amendment governs the treatment of pretrial detainees, *Block v. Rutherford*, 468 U.S. 576, 583 (1984), whose due process rights are analogous to convicted prisoners' Eighth Amendment rights, *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992).

must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658)); *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

At this early stage in these proceedings, the Court declines to rule whether the complaint sufficiently alleges a municipal liability claim. Plaintiff cites cost constraints which implies he may intend to prove a policy or custom as being responsible for the alleged denial of medical treatment.

**IV**.

The Court identifies claims against Defendants for the alleged deliberate indifference to a serious medical need. The Court expresses no view, however, whether these claims will have ultimate merit. There are many potential defenses to the allegations in the complaint: the medical need at issue may not be sufficiently serious; the indifference alleged may not be deliberate; Plaintiff may not in fact have exhausted available administrative remedies as required under 42 U.S.C. § 1997e. After screening the complaint, the Court merely identifies a medical claim and reserves ruling upon proper motion of Defendants whether the complaint fails to state a claim on which relief may be granted.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc: Plaintiff, *pro se*
      Defendants
      Meade County Attorney

4412.007