UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-785-H

RICKY A. McCOY                                                                                              PLAINTIFF

V.

TROY SEELYE, et al.                                                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff, Ricky McCoy, was a resident at the Meade County Detention Center ("MCDC") from April 18, 2005, through November 28, 2005. Defendants are the Meade County Fiscal Court and various of its employees who operate the MCDC. Plaintiff alleges that during his stay at MCDC, Defendants denied medical care to him in violation of the Eighth Amendment of the United States Constitution. After completion of discovery, all of the Defendants have moved for summary judgment.[1] The Court has reviewed Defendants' motion and the accompanying materials. The issues are sufficiently clear for the Court to reach a decision and the Court believes that a lengthy opinion is unnecessary.

To prove his constitutional claim, Plaintiff must show that Defendants were deliberately indifferent to a serious medical condition. *Estelle v. Gamble*, 429 U.S. 97 (1976). The evidentiary standard to support such a claim is quite clear and demanding. The evidence here

---

[1] Defendants filed their motion on January 7, 2008. After Plaintiff failed to respond to the motion, the Court attempted to contact counsel. Eventually, counsel e-mailed the Court indicating that she may be unable to respond due to personal problems and due to the fact that Plaintiff had not contacted her since his release from custody. Counsel also indicated that she may file a motion to withdraw as counsel. At this writing, counsel has neither filed a response nor a motion to withdraw.

does not raise a serious issue concerning a constitutional violation. The medical records and accompanying exhibits fail to show that Plaintiff was affected by any particular serious medical condition. He had many complaints but nothing in the record substantiates a serious condition.

The record does confirm that Plaintiff made numerous requests for treatment and that Defendants provided care and treatment on many occasions. Defendants provided medicines, access to prison physicians as well as access to outside medical specialists. For reasons that are not entirely clear, Plaintiff was never satisfied with the results.

A review of the medical history provided by Defendants as well as the transcript of Plaintiff's deposition demonstrates beyond doubt that Defendants were reasonably attentive to Plaintiff's many medical requests. Evidence of the treatment is clear and straightforward. Plaintiff's only potential argument is that he was unhappy with the results or that the treatments were in some manner unsuccessful. Given the medical records, even making that argument would be difficult. However, dissatisfaction with treatment is wholly insufficient to support a constitutional claim.

Based on the record, the Court concludes that no reasonable jury could possibly conclude that Defendants even neglected Plaintiff's treatment or his request for it. Therefore, Plaintiff's claims must fail.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's complaints are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record